■ WAYNE LAMPERT, Respondent, v KIRSCH BEVERAGES, INC., Appellant. —In a proceeding by a stockholder to inspect corporate books and records, the corporation appeals from an order of the Supreme Court, Queens County, entered June 30, 1978, which granted the application. Order affirmed, with $50 costs and disbursements. The sole issue is whether Special Term correctly granted petitioner's application to inspect the corporate books of the appellant. Section 624 (subds [b], [c]) of the Business Corporation Law gives a person who has been a shareholder for at least six months the right to the information requested by petitioner, *provided* such shareholder furnishes an affidavit "that such inspection is not desired for a purpose which is in the interest of a business or object other than the

business of the corporation and that he has not within five years sold or offered for sale any list of shareholders". Once the stockholder alleges compliance with the statute, "the *bona fides* of the shareholder will be assumed * * * and it becomes incumbent on the corporation to justify its refusal by showing an improper purpose or bad faith" *(Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 20). Special Term correctly held that appellant did not meet its burden of showing an improper purpose or bad faith. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.